UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DENORAH REYNOSO,<br>    Plaintiff,<br><br>    v.<br><br>KYLE ENDRES, and RALEEK BYFIELD,<br>    Defendants. | )<br>)<br>)<br>)<br>)  C.A. No. 22-cv-44-JJM-PAS<br>)<br>)<br>)<br>)<br>) |

ORDER

Before the Court are four motions in limine leading up to the trial. ECF Nos. 52-54, and 56. After reviewing the motions, the Court rules as follows:

1. *Defendants' Motion in Limine Re: Defendants' Prior and Subsequent Complaints of Misconduct/Disciplinary History – ECF No. 52.* GRANTED. None of the evidence cited appears to be relevant to the excessive/unreasonable use of force claims against the Defendants. If Plaintiff believes a Rule 404(b) exception applies as trial proceeds, she can request a reconsideration ruling at sidebar.

2. *Defendants' Motion in Limine Re: Underlying Dismissal – ECF No. 53.* GRANTED. The evidence about the dismissal of the charges underlying Ms. Reynoso's arrest is not relevant to the excessive/unreasonable use of force claims against the Defendants. Additionally, even if such evidence were relevant, the danger that a jury could accept the dismissal as determinative of the issues of civil liability outweighs any potential probative value.

3. *Defendants' Motion in Limine Re: Emotional Harm – ECF 54.* DENIED. Ms. Reynoso will not be precluded from seeking damages for emotional distress merely because evidence of such damages will come from Ms. Reynoso herself. Accordingly, Ms. Reynoso's testimony regarding the emotional impact of Defendants' alleged excessive/unreasonable use of force should be assessed by the jury.

4. *Plaintiff's Motion in Limine Re: Supporting Facts Not Known To Officers at the Time of the Arrest – ECF No. 56.* GRANTED in part and DENIED in part. Even if evidence relating to the nature of the party that Ms. Reynoso hosted had some relevance—in that it makes Defendants' version of events more likely than not—it is not admissible because the prejudice to Ms. Reynoso would outweigh the probative value of this evidence to Defendants. Such evidence would attempt to justify the Defendants' alleged actions rather than focus on Ms. Reynoso's actions or the other circumstances present at the time of her arrest. Because responding officers were unaware of the nature of Ms. Reynoso's party until after her arrest, the Court will exclude from trial evidence regarding any images of or references to the nature of the party as irrelevant and prejudicial. That said, Defendants may testify about information they had when deciding to arrest Ms. Reynoso. Though, under the rules of evidence, Defendants may not testify about information that had not been conveyed to them personally and about which they lack personal knowledge.

IT IS SO ORDERED.


*s/John J. McConnell, Jr.*

_____

John J. McConnell, Jr.
Chief Judge
United States District Court

July 9, 2025